IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY M. PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-03272-SRB |
| | ) | |
| CEDAR COUNTY SHERIFF'S DEPT., et al., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendants Cedar County Sheriff's Department, Deputy Zakk Yokley, and Deputy Michael Bullinger's ("Moving Defendants") Motion to Dismiss Plaintiff's Amended Petition. (Doc. #2.) For the reasons stated below, the motion is GRANTED.

**I. BACKGROUND**

This lawsuit arises out of an altercation on August 31, 2021, at a Dollar General store which eventually led to Cedar County, Missouri, Deputies Zakk Yokley ("Yokley") and Michael Bullinger ("Bullinger") arresting Plaintiff Jeffrey M. Pearson ("Plaintiff"). According to the Original Complaint,[1] Plaintiff and nonparty "Julie" were together in Stockton, Missouri, before momentarily separating. Plaintiff was hungry and went to a nearby Subway and Julie went shopping at the local Dollar General. After Plaintiff was finished at Subway, he walked to the Dollar General store where he first found Julie. He then went to use the restroom due to a sudden urge caused by Plaintiff's medical condition. While Plaintiff was in the restroom, a police officer confronted Julie about shoplifting after a customer reported that Julie put

---

[1] While the Original Complaint (Doc. #1-2, pp. 1-5) was filed as a "Petition" in the Circuit Court of Cedar County, Missouri, and the Amended Complaint was filed as a "Petition Amended" (Doc. #1-2, pp. 29-30), the Court refers to these filings as "Complaints" to comport with the Federal Rules of Civil Procedure.

something in her purse.  Julie refused to cooperate, was let go, and banned from the Dollar General.  When Plaintiff exited the restroom, the police officer started interrogating Plaintiff.  Plaintiff did not wish to converse with the police officer and attempted to leave, at which point the police officer said Plaintiff was being detained.  The police officer stated Plaintiff could not move until he figured out what was going on.  Plaintiff became furious and stated he "might as well put [Plaintiff] in handcuffs . . . since he was not free to move or leave."  (Doc. #1-2, p. 4.)  The police officer then called for backup and two other officers arrived.  Plaintiff was then arrested by one of the backup officers pursuant to a warrant.  Plaintiff was subsequently banned from Dollar General.

On September 7, 2021, Plaintiff filed suit in the Circuit Court of Cedar County, Missouri.  The Original Complaint asserted False Arrest by the first police officer ("Count I"), police misconduct ("Count II"), illegal restraint ("Count III"), harassment ("Count IV"), deprivation of due process ("Count V"), and retaliation in response to Plaintiff exercising his rights ("Count VI") against Cedar County Sheriff's Department and three unnamed officers in their official capacities.  The Original Complaint also asserts discrimination due to disabilities ("Count VII") and false police report ("Count VIII") against Dollar General.

On September 16, 2021, Plaintiff filed an Amended Complaint.  (Doc. #1-2, pp. 29-30.)  The Amended Complaint names Yokley as the original responding officer and Bullinger as the arresting-backup officer.  The Amended Complaint also clarifies that Plaintiff was "arrested on an unrelated warrant."  (Doc. #1-2, p. 30.)  The Amended Complaint reasserts the false arrest and the police misconduct claims against Yokley and Bullinger, but does not clarify which capacity (individual or official) in which they are sued.  Plaintiff also clarifies that the third officer is merely a witness and not a defendant in this case.

On October 18, 2021, Moving Defendants removed this case to federal court. Moving Defendants then filed the instant motion to dismiss. Plaintiff filed a motion for extension of time to respond to the motion to dismiss, which the Court granted. (Doc. #7.) Plaintiff's deadline to file a response was November 17, 2021. To date, no response has been filed. The Court addresses Moving Defendants' arguments below.

## II. LEGAL STANDARD

Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A *pro se* complaint is construed "liberally, but the complaint must still allege sufficient facts to support the claims advanced." *Sandknop v. Missouri Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019).

## III. DISCUSSION

As a threshold issue, "It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). However, the Court "construe[s] *pro se* complaints liberally[.]" *Sandknop v. Missouri Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019). While the Amended Complaint is now the legally operative complaint, the Amended Complaint

3

appears to clarify some of the allegations in the Original Complaint without the intention of entirely superseding the Original Complaint. In turn, the Court will read the allegations in both Complaints together. To the extent the pleadings conflict, the Amended Complaint will control.

Liberally construing the Amended Complaint, the Court finds the same causes of action in the Original Complaint are also asserted in the Amended Complaint, with clarification that the third police officer is not a defendant and that the false arrest ("Count I") and police misconduct ("Count II") claims against Yokley and Bullinger are asserted against them in both their official and individual capacities. Moving Defendants argue that the Court should dismiss them from this case because Cedar County Sheriff's Department is not a legal entity which may be sued, Plaintiff fails to state a claim against Yokley and Bullinger in their official capacity, and similarly Plaintiff fails to state a claim against Yokley and Bullinger in their individual capacities. Those arguments are addressed in turn.

### A. Claims Against Defendant Cedar County Sheriff's Department

The Court agrees with Moving Defendants that the Cedar County Sheriff's Department is not a legal entity which may be sued. *See White v. Camden Cty. Sheriff's Dep't*, 106 S.W.3d 626, 631 (Mo. App. S.D. 2003) ("Appellant's attempt to link a board of police commissioners or an individual police chief to a 'sheriff's department' as a legal entity has no merit. The court correctly found the Camden County Sheriff's Department was not a proper party to the action.") Accordingly, any claims against Cedar County Sherriff's Department are dismissed.

### B. Official Capacity Claims Against Yokley and Bullinger

While Plaintiff does not specify the legal basis for all of his claims against Yokley and Bullinger, liberally construing the complaint it appears all of the causes of action against Moving Defendants stem from a deprivation of his constitutional rights under 42 U.S.C. § 1983. A

4

"[p]ublic servant[ ] may be sued under section 1983 in either their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation and quotation marks omitted). An official-capacity suit should thus "be treated as a suit against the entity." *Id.* at 166. Accordingly, the official capacity claims against Yokely and Bullinger are construed as claims against the government of Cedar County.

"A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior." *Andrews v. Fowler*, 98 F.3d 1069, 1074 (8th Cir. 1996) (citation and quotation marks omitted). "A plaintiff may establish municipal liability under § 1983 by proving that his or her constitutional rights were violated by an action pursuant to . . . misconduct so pervasive among non-policymaking employees of the municipality as to constitute a custom or usage with the force of law." *Ware v. Jackson Cty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998) (citation and quotation marks omitted). "At a minimum, the complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Here, Plaintiff's pleadings are void of any facts which support municipal liability either through custom or policy. Accordingly, Counts I and II are dismissed to the extent they assert official capacity claims. Counts III through VI, each of which Yokley and Bullinger were only sued in their official capacity, are dismissed in their entirety.

### C. Individual Capacity Claims Against Yokely and Bullinger

As explained above, liberally construing the pleadings, Yokley and Bullinger are also sued in their individual capacity for false arrest, Count I and police misconduct, Count II.

5

Moving Defendants argue that dismissal of these claims is warranted because Plaintiff fails to state a claim for both counts and Yokley and Bullinger are entitled to qualified immunity. Specifically, the officers had reasonable suspicion to stop and interrogate Plaintiff. Moving Defendants also contend that the officers arrested Plaintiff for an unrelated warrant which Plaintiff does not allege was invalid, meaning Plaintiff's arrest was lawful. Upon review, the Court dismisses the individual capacity claims.

"Qualified immunity shields state officials from both civil liability and the burdens of litigation unless their conduct violates a clearly established right of which a reasonable person would have known." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018). "[D]efendants seeking dismissal under Rule 12(b)(6) based on an assertion of qualified immunity must show that they are entitled to qualified immunity on the face of the complaint." *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (quotation marks and citations omitted); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (noting "civil rights pleadings should be construed liberally"). "To determine whether a public official is entitled to immunity, courts conduct a two-pronged analysis: whether the plaintiff has stated a plausible claim for violation of a constitutional or statutory right and whether the right was clearly established at the time of the alleged infraction." *Kulkay*, 847 F.3d at 642.

"For an investigative *Terry*-type seizure to be constitutional under the Fourth Amendment, an officer must be aware of particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed." *United States v. Donnelly*, 475 F.3d 946, 952 (8th Cir. 2007). Here, Yokley responded to a report that Julie, whom Plaintiff was with, was shoplifting. The pleadings indicate that Plaintiff was with Julie at the time and although he was in the restroom when Julie

6

was first confronted, the face of the complaint appears to articulate the presence of particularized, objective facts which indicate a crime was being committed. The Court also agrees with Moving Defendants that "[g]iven Plaintiff's apparent association with the suspect, Plaintiff could obviously be identified as a potential source of facts about the alleged shoplifting, if not a potential participant in the act." (Doc. #3, p. 5.) Accordingly, the face of the pleadings show that Yokley had reasonable suspicion to detain Plaintiff for the purposes of investigating the shoplifting crime.

Furthermore, when Bullinger and the third officer responded to the scene, it was determined that Plaintiff had an outstanding arrest warrant. Plaintiff does not allege that the warrant was invalid. This case is thus one of those circumstances in which a plaintiff includes allegations that show on the face of the complaint that Moving Defendants are entitled to qualified immunity. Furthermore, while Plaintiff alleges general "police misconduct" in Count II, the Court finds that claim is redundant of the false arrest claim in Count I because it is based on the same facts which do not give rise to a constitutional violation. In turn, the individual capacity claims against Yokely and Bullinger are dismissed. Count I and Count II are dismissed in their entirety.

### D. Defendant Dollar General

Construing the Amended Complaint liberally and reading it together with the Original Complaint, the Court finds Plaintiff has preserved its claims against Dollar General. The docket indicates Plaintiff has not served Dollar General but the time to do so has not run. Accordingly, the Court will not address whether the claims against Dollar General could withstand a motion to dismiss for failure to state a claim at this time. To continue with this lawsuit against Dollar General, Plaintiff must properly serve it as a defendant to this case on or before January 17,

2022, pursuant to Federal Rule of Civil Procedure 4.  Failure to do so may result in the Court dismissing Dollar General and this case without further notice to Plaintiff.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Moving Defendants' Motion to Dismiss Plaintiff's Amended Petition (Doc. #2) is GRANTED.  Cedar County Sheriff's Department, Zakk Yokley, and Michael Bullinger are hereby dismissed from this lawsuit.  Accordingly, Counts I through VI are dismissed.

It is **FURTHER ORDERED**, regarding the remaining claims against Dollar General (Count VII and Count VIII), that:

1. The Clerk of the Court is directed to forward appropriate process forms to Plaintiff.

2. Within twenty (20) days Plaintiff shall return the completed summons and service forms to the Clerk's office showing the address where Defendant Dollar General may be served in accordance with Federal Rule of Civil Procedure 4.

3. Upon receipt of the completed summons and service forms, the Clerk of the Court is directed to issue appropriate summons as authorized by Federal Rule of Civil Procedure 4, and deliver the summons, the Original Complaint (Doc. #1-2, pp. 1-5), Amended Complaint (Doc. #1-2, pp. 29-30), and a copy of this order to the United States Marshal for service of process.

4. Plaintiff has up to and including January 17, 2022, to effectuate service on Dollar General.  Failure to do so may result in the Court dismissing Dollar General and this case without further notice to Plaintiff.

**IT IS SO ORDERED.**     /s/ Stephen R. Bough
                          STEPHEN R. BOUGH
                          UNITED STATES DISTRICT JUDGE

Dated: <u>November 29, 2021</u>